UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:

                                                                           Chapter 7

Michael Raso and Lisa Raso aka Lisa Mendez,    Case No.: 20-73381-las

                                                                         Adv. Pro. No.

                                       Debtors.
-----------------------------------------------------------X

Avi Kasten and Naomi Kasten,

                                       Plaintiffs,


     -against-


Michael Raso,


                                       Defendant.
-----------------------------------------------------------X


## COMPLAINT FOR DETERMINATION OF DISCHARGEABILITY AND OBJECTING TO DEBTOR'S DISCHARGE PURSUANT TO 11 U.S.C. §§523 AND 727

Avi Kasten and Naomi Kasten (the "Plaintiffs") by their undersigned counsel, respectfully submit this complaint under Section 523 of the Bankruptcy Code seeking a determination that debts are excepted from discharge and under Section 727 of the Bankruptcy Code, seeking to deny the discharge of Michael Raso (the "Defendant") and allege the following, upon information and belief:

## JURISDICTION AND VENUE

1. This adversary proceeding relates the Debtor's above-captioned bankruptcy proceeding pending in the United States Bankruptcy Court for the Eastern District of New York and is a "core proceeding" as that term is defined in 28 U.S.C. §§157(a), (b)(1) and (2)(A), (I) and (J).

2. Since this action arises under the pending bankruptcy case of the Debtor, this Court has jurisdiction over this action under 28 U.S.C. §§157 and 1334 and Bankruptcy Rule 7001(4).

3. Under 28 U.S.C. §§1408 and 1409, this Court is the proper venue for this proceeding.

4. This Court has jurisdiction over this proceeding and for the relief sought herein pursuant to 11 U.S.C. §523 (a)(2)(A), (B)(i), B(iii) and B(iv) and 11 U.S.C. §727(a)(3) and (4)(A) and Rules 7001 *et seq.* of the Federal Rules of Bankruptcy Procedure.

5. As of the date of this Complaint, the Debtor has not been granted a discharge.

6. The Complaint is timely as the deadline by which an Objection to Discharge and a Complaint to determine dischargeability of a debt in the present case is February 19, 2021 (See unnumbered docket entry dated November 10, 2020).

7. In accordance with F.R.B.P. 7008, Plaintiffs consent to the entry of final order and judgment by this Court determining said causes of action.

## PARTIES

8. Plaintiffs Avi Kasten and Naomi Kasten are individuals listed in the Debtor's bankruptcy petition and schedules.

9. Plaintiffs have been, at all times relevant to the proceedings and to date, residents of Nassau County, New York.

10. Defendant Michael Raso is the Debtor in the underlying Chapter 7 case and Defendant herein.

11. Pursuant to the Bankruptcy case docket and Debtor's petition, Debtor currently resides at 177 McKinley Avenue Island Park, NY 11558 located in Nassau County, New York.

12. Pursuant to Debtor's Schedules, at all times relevant to the proceedings and to date, Debtor was the owner of CMB Contracting, Inc. dba Mid-Island Contractors and Osar Industries, Corp. dba Mid-Island Contractors.

## FACTS

13. Plaintiffs purchased a house located at 237 W. Market St., Long Beach, NY 11561 ("the Market St. House").

14. Plaintiffs met with the Defendant for the purpose of retaining his services to renovate the Market St. House.

15. On October 29, 2019, a home renovation contract (the "Contract") was entered between the parties. Plaintiff Naomi Kasten executed the Contract on behalf of the Plaintiffs. Defendant Michael Raso executed the Contract on behalf of Mid-Island Contractors. A copy of the Contract is annexed hereto as Exhibit "A".

16.     Pursuant to the Contract, the total cost of the renovations would be approximately $308,750.00.

17.     Pursuant to the Contract, Plaintiffs made a down-payment to the Defendant in the amount of $61,750.00 (the "down-payment").

## FIRST CAUSE OF ACTION - FRAUD

18.     Plaintiffs repeat and reallege paragraphs 1 through 17 above as if fully set forth herein.

19.     According to the Contract, the down payment was to be used, for among other purposes, to retain a "demolition contractor".

20.     Upon information and belief, the Defendant retained Dynamic Demolition LLC to complete the demolition work.

21.     Upon information and belief, Defendant contacted Plaintiffs on November 15, 2019, to advise that the interior demolition of the Market St. House had been completed and that pursuant to the payment schedule included in the Contract, the next payment in the amount of $25,000.00 was now due and owing.

22.     Upon information and belief, Plaintiffs complied with the demand for payment by making a wire payment in the amount of $25,000.00 on November 15, 2019 which was accepted by the Defendant.

23.     Upon information and belief, Plaintiffs inspected the Market St. House on November 18, 2019, and discovered that the demolition had not been completed as the Defendant had advised.

24. On December 31, 2019, a Mechanic's Lien was recorded against the Market St. House by demolition contractor Dynamic Demolition LLC in the amount of $30,290.00. A copy of the Mechanic's Lien is annexed hereto as Exhibit "B".

25. Despite payment by the Plaintiffs to the Defendant for the specific purpose of hiring a demolition contractor, not only was the work not completed, but the demolition contractor was not paid.

26. Upon information and belief, the Plaintiffs contacted Defendant upon the Plaintiff's receiving notice of the Mechanic's lien.

27. Upon information and belief, Defendant assured Plaintiffs that the lien would be satisfied and a release would be provided.

28. Upon information and belief, Defendant presented Plaintiffs with a Mid-Island Contractors invoice dated January 22, 2020, to Dynamic Demolition in the amount of $30,000.00 with a description stating, "All Liens and Any Pending Judgments are". A copy of the Invoice is annexed hereto as Exhibit "C".

29. At the top of the invoice is a stamp marking the invoice "PAID".

30. Upon information and belief, the Mechanic's lien was not satisfied in January, 2020, and is still an active lien against the Market St. house.

31. Upon information and belief, on February 17, 2020, after the alleged "paid" invoice was presented to the Plaintiffs, the Plaintiffs were contacted by an attorney claiming to represent Defendant and Mid-Island Contracting. The attorney advised the Plaintiffs that his office would be facilitating the lien release on the Market St. house.

32. Upon information and belief, the Plaintiffs were last contacted by Defendant's attorney on April 20, 2020. As stated above, the Mechanic's lien remains unpaid and outstanding.

33. Upon information and belief, several of the payments demanded and accepted by the Defendant were made by the Plaintiffs via transfers from the Plaintiff's account with Chase Bank to two separate Chase bank accounts maintained by the Defendant.

34. The Court and Chapter 7 Trustee should note that Defendant failed to list either Chase bank account in his Schedules. Per the Debtor's Schedule A/B, Part 3, line 17, the Debtor only lists an account with Bank of America with a balance of $500.00. A copy of the Debtor's Schedule A/B is annexed hereto as Exhibit "D".

35. Defendant knowingly and fraudulently demanded and accepted money from the Plaintiffs and provided fraudulent documentation in consideration for the payment.

36. Accordingly, the debts owed to the Plaintiffs are non-dischargeable pursuant to 11 U.S.C. §523(a)(2)(A) and (B)(i)(iii) and (iv).

37. By reason of the foregoing, Plaintiffs are entitled to the entry of a judgment, pursuant to 11 U.S.C. §727(a)(3) and (4)(A), denying the Debtor his discharge.

## SECOND CAUSE OF ACTION - FRAUD

38. Plaintiffs repeat and reallege paragraphs 1 through 37 above as if fully set forth herein.

39. As part of the Market St. House renovation contract, Defendant was to renovate interior spaces including kitchens and bathrooms. To that end, Defendant presented Plaintiffs with four (4) invoices from Ragonesi Design LLC ("the Ragonesi Invoices") for "finishes" (cabinets, tiles, etc.). The individual invoice information is below:

| Invoice # | Date | Balance Due |
| --- | --- | --- |
| 297 | January 24, 2020 | $5,885.70 |
| 298 | January 24, 2020 | $15,788.84 |
| 300 | January 24, 2020 | $7,579.85 |
| 301 | January 24, 2020 | $14,315.90 |

A copy of the Ragonesi Invoices are annexed hereto as Exhibit "E".

40. The total balance due on the Ragonesi Invoices was $43,570.29.

41. At the top of each of the Ragonesi Invoices, there is a stamp marking the invoice "PAID".

42. Upon information and belief, upon presentment of the Ragonesi Invoices and a demand for payment, the Plaintiffs paid a total of $43,500.00 to the Defendant which was accepted by the Defendant.

43. Upon information and belief, the Plaintiffs subsequently contacted Ragonesi Design LLC directly to confirm that the "finishes" were in fact ordered and purchased.

44. Upon information and belief, Plaintiffs were advised by Ragonesi Design LLC that the "finishes" were not ordered nor purchased. In addition, Plaintiffs were advised that the "PAID" stamp on the Ragonesi Invoices was not from Ragonesi Design LLC.

45. Upon information and belief, several of the payments demanded and accepted by the Defendant were made by the Plaintiffs via transfers from the Plaintiff's account with Chase Bank to two separate Chase bank accounts maintained by the Defendant.

46.     The Court and Chapter 7 Trustee should note that Defendant failed to list either Chase bank account in his Schedules.  Per the Debtor's Schedule A/B, Part 3, line 17, the Debtor only lists an account with Bank of America with a balance of $500.00.  A copy of the Debtor's schedule A/B is annexed hereto as Exhibit "D".

47.     Defendant knowingly and fraudulently demanded and accepted money from the Plaintiffs and provided fraudulent documentation in consideration for the payment.

48.     Accordingly, the debts owed to the Plaintiffs are non-dischargeable pursuant to 11 U.S.C. §523(a)(2)(A) and (B)(i)(iii) and (iv).

49.     By reason of the foregoing, Plaintiffs are entitled to the entry of a judgment, pursuant to 11 U.S.C. §727(a)(3) and (4)(A), denying the Debtor his discharge.

**WHEREFORE**, Plaintiffs demand judgment on their claims for relief against the Debtor:

1.     That the Court enter an Order determining that the debts owed by the Debtor to the Plaintiffs are non-dischargeable under 11 U.S.C. §523(a)(2)(A), (B)(i), B(iii) and B(iv) of the Bankruptcy Code and;

2.     Denying his discharge under 11 U.S.C. §727(a)(3) and (4)(A) of the Bankruptcy Code and;

3. Granting Plaintiffs such other relief as this Court may deem just and proper.

Dated: Syosset, New York  **The Margolin & Weinreb Law Group, LLP**
       February 10, 2021

By:    */s/ Andrew Goldberg*
        Andrew Goldberg, Esq.
        Attorneys for Movant
        165 Eileen Way, Suite 101
        Syosset, New York 11791
        (516) 921-3838 ext. 326
        andrew@nyfclaw.com